UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:00-CR-97-1BR

UNITED STATES OF AMERICA

v.

MICHAEL NAJI JAWABREH

ORDER

This matter is before the court on defendant's *pro se* second motion to dismiss the indictment. (DE # 31.) The government has filed a response in opposition, (DE # 32), to which defendant filed a reply, (DE # 33).[1]

The indictment, dated and filed 16 May 2000, charges that on or about 4 December 1999, and continuing up to and including the date of the indictment, defendant knowingly removed two children from the United States and retained such children outside the United States with the intent to obstruct the mother's lawful exercise of parental rights in violation of 18 U.S.C. § 1204(a). (DE # 3.) An arrest warrant issued the following day, and it remains unexecuted. According to the government, defendant has been a fugitive, residing in Jordan since January 2000 and the filing of a criminal complaint against him.

Defendant argues that the court should dismiss the indictment because (1) the government negligently, or with reckless disregard for the truth, presented false statements to the grand jury, (2) none of the victims testified before the grand jury, (3) the government has declined to prosecute this case, and (4) this case is old. (DE # 31, at 4–8.) In response, the

---

[1] Defendant's motion and reply refer to enclosed exhibits. No exhibits were enclosed with either of defendant's filings.

government argues that the court should deny defendant's motion pursuant to the fugitive disentitlement doctrine. (DE # 33, at 5.) The government further argues that (1) defendant has not—and cannot—demonstrate any evidence of grand jury abuse, (2) the United States' treaty with Jordan is not recognized as valid by the Jordanian government, and (3) defendant's fugitive status precludes the government from proceeding with his prosecution. (Id. at 5–8.)

The court first considers whether to apply the fugitive disentitlement doctrine. Under this equitable doctrine, the government argues defendant should be completely precluded from availing himself of this court's resources. (DE # 32, at 5.) Courts have discretion in determining whether to apply the doctrine. Jaffe v. Accredited Sur. & Cas. Co., 294 F.3d 584, 595 (4th Cir. 2002). The court recognizes that it may have the authority to apply the doctrine to defendant's pre-trial motion. See United States v. Kashamu, 656 F. Supp. 2d 863, 866-67 (N.D. Ill. 2009) (collecting cases), on reconsideration, No. 94-CR-172, 2010 WL 2836727 (N.D. Ill. July 15, 2010), aff'd, 656 F.3d 679 (7th Cir. 2011). Nonetheless, the court declines to apply it at this stage as defendant's arguments are wholly without merit.

Defendant initially claims that the government presented false statements to the grand jury and therefore probable cause was lacking. (DE # 31, at 4.) "Defendants alleging grand jury abuse bear the burden of rebutting the 'presumption of regularity attache[d] to a grand jury's proceeding.'" United States v. Alvarado, 840 F.3d 184, 189 (4th Cir. 2016) (alterations in original) (citation omitted). Defendant has failed to present any evidence of grand jury abuse; as such, his argument is without merit.

Defendant next contends dismissal is warranted because none of the alleged victims testified before the grand jury. He appears to base this contention on the argument that the United States is a corporation, and thus, as the plaintiff, cannot itself be the injured party. (DE #

31, at 5.)  Prosecutors were not required to call the victims to testify before the grand jury.  See Costello v. United States, 350 U.S. 359, 362 (1956) ("[N]either the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act").  Further, "a facially valid indictment is not subject to dismissal simply because the grand jury may have considered improper evidence, or because it was presented with information or evidence that may contravene a constitutional privilege." United States v. Jefferson, 546 F.3d 300, 312 (4th Cir. 2008) (citations omitted).  Thus, the court rejects defendant's argument.

Defendant also argues the government has failed to prosecute his case.  (DE # 31, at 8.)  Specifically, he argues the government "fail[ed] to follow through on an extradition request."  (Id.)  "[T]here is no inherent requirement of international extradition."  McElvy v. Civiletti, 523 F. Supp. 42, 47 (S.D. Fla. 1981).  Any right of the United States to seek extradition and any requirement that Jordan extradite fugitives is created and governed by the extradition treaty.  See Factor v. Laubenheimer, 290 U.S. 276, 287 (1933).  Further—according to the government—the United States' treaty with Jordan has been held invalid in that country as "(1) it was not properly ratified by the Jordanian Parliament; and (2) the provision providing for the extradition of Jordanian citizens violates the Jordanian constitution."  (DE # 32, at 7.)  See also United States v. Al'Saqqa, No. 13-8530, 2014 WL 252035, at *3 (S.D. Fla. Jan. 7, 2014).  Defendant's argument is meritless.

Finally, defendant argues that this court should dismiss his case based on its age.  (DE # 31, at 9), which the court considers as a challenge based on defendant's constitutional and statutory speedy trial rights.  Courts consider four factors when assessing Sixth Amendment speedy trial claims: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant."  Barker v. Wingo, 407 U.S. 514, 530 (1972).  "To

3

prevail on [his] speedy trial claim, [a] [d]efendant[ ] [is] obliged, under *Barker,* to establish 'that on balance, [the] four separate factors weigh in his favor.'" United States v. Eccleston, 615 F. App'x 767, 775 (4th Cir. 2015) (unpublished) (alterations in original) (quoting United States v. Hall, 551 F.3d 257, 271 (4th Cir. 2009)). Further, "[a] defendant may be disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility." Dickey v. Florida, 398 U.S. 30, 48 (1970). For example, "an accused cannot sustain a speedy-trial claim when delay results from his being a fugitive from justice, making dilatory pleadings or motions, failing to object when a continuance is granted the government, or from delay occasioned by his incompetence to stand trial . . . ." Id. (citation and footnote omitted).

Although the delay here has been substantial, defendant is unable to demonstrate that any other *Barker* factors weigh in his favor.[2] Defendant has failed to demonstrate that he has been prejudiced by the delay. Additionally, he failed to assert his right to a speedy trial until almost two decades after his indictment was issued. Defendant also bears the responsibility for the delay. Thus, his Sixth Amendment argument is without merit. See United States v. Trotman, 406 F. App'x 799, 807 (4th Cir. 2011) (unpublished) (rejecting defendant's Sixth Amendment speedy trial argument because defendant was a fugitive for fifteen of the seventeen years after his indictment).

The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer

---

[2] Although the court considers defendant's speedy trial claim now, before trial has occurred, "the question at stake in the motion to dismiss necessarily 'remains open, unfinished [and] inconclusive' until . . . judgment." United States v. MacDonald, 435 U.S. 850, 859 (1978) (citation omitted) (alteration in original).

of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161 (2012). This provision does not apply unless defendant enters a plea of not guilty. Id.; United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) ("Regardless of the reason for the delay in [defendant's] arraignment, [defendant's] case does not trigger section 3161(c)(1) of the [Speedy Trial Act] because his case is not one 'in which a plea of not guilty [wa]s entered. . . .'"). As defendant has yet to be arrested and enter into a plea, his statutory speedy trial right has not been triggered.

For the foregoing reasons, defendant's motion to dismiss is DENIED.

This 1 November 2018.

_____
W. Earl Britt
Senior U.S. District Judge